Public Trust — Ad Valorem Tax — Exemption (1) Neither the State, nor any of its counties, agencies, or instrumentalities may levy ad valorem taxes upon property owned by a public trust created to hold such property for the use and benefit of a county. (2) Under a recent amendment to Article X, Section 6A of the Oklahoma Constitution, intangible personal property consisting of a leasehold interest and personal property held in trust for the use and benefit of a county of this State is not subject to ad valorem taxation by the State or by a state agency, or instrumentality, county, or municipality. The Attorney General has had under consideration your recent letter in which you advise: "The Authority would acquire a parcel of land located in Oklahoma City from private persons. . . . The Authority would then enter into a Lease Agreement with an industrial tenant. The agreement would require the industrial tenant to pay for all buildings, structures, fixtures, machinery, equipment, other tangible personal property, facilities and improvements necessary for the construction and equipping of a manufacturing facility. Title to all such property would be vested in the Authority subject to the industrial tenants' leasehold therein. The industrial tenant would pay as rent a portion of the land's cost over a three year period but would lease the land and the improvements just mentioned for 25 years within a 25 year renewal option. The industrial tenant would have the right to purchase the facilities at any time. In addition, the industrial tenant would pay as rent an amount which reflects the tenant's contribution to the community's welfare made in the expectation that neither the project nor the tenant's interest therein would be subject to ad valorem taxation. . . ." You request an opinion with respect to the following questions: "1. Are the land, buildings, structures, machinery, equipment, fixtures, other personal property, facilities, improvements, or any of them, owned by the Authority and subject to a Lease Agreement along the lines discussed above, subject to ad valorem taxation by the State of Oklahoma the County of Oklahoma County, the City of Oklahoma City, or any other agency or instrumentality of the State of Oklahoma? "2. Is the leasehold or possessory interest of the industrial tenant in such land, buildings, structures, machinery, equipment, fixtures, other personal property, facilities, improvements, or any of them owned by the Authority and subject to a Lease Agreement along the lines discussed above, subject to ad valorem taxation by the State of Oklahoma, the County of Oklahoma County, the City of Oklahoma City, or any other agency or instrumentality of the State of Oklahoma?" With regard to your question No. 1, Article X, Section 6 of the Constitution of this State, in pertinent part, provides: ". . . all property of the United States and of this State and of counties and of municipalities of this State, . . . shall be exempt from taxation." Other pertinent provisions are 68 O.S. 2405 [68-2405] (1968), which provides: "The following property shall be exempt from taxation . . . . (b) All property of this State, and of the counties, school districts, and municipalities of this State. . . ." Title 68 O.S. 2404 [68-2404] (1968), states: "All property in this State, whether real or personal, except that which is specifically exempt by law, and except that which is relieved of ad valorem taxation by reason of the payment of an in lieu tax, shall be subject to an ad valorem taxation." Title 68 O.S. 2419 [68-2419] (1968), states: "Real property, for the purpose of ad valorem taxation, shall be construed to mean the land itself, and all rights and privileges thereto belonging or in any wise appertaining, such as permanent irrigation, or any other right or privilege that adds value to real property, and all mines, minerals, quarries and trees on or under the same, and all buildings, structures and improvements or other fixtures of whatsoever kind thereon, exclusive of such machinery and fixtures on the same as are, for the purpose of ad valorem taxation, defined as personal property." Title 68 O.S. 2426 [68-2426] (1968), provides: "(a) Property subject to ad valorem taxation shall, unless otherwise provided, be listed for taxation by the owner thereof or his duly authorized agent. "(b) Property belonging to or controlled by the following shall be listed by the following persons or their duly authorized agents: . . . . "(4) A person for whose benefit it is held in trust, by the trustee. . . ." Assuming that the Oklahoma Industrial Authority has been in all respects created in strict accordance with 60 O.S. 176 [60-176] and 60 O.S. 177 [60-177] (1961); that the title to the project will vest in the Authority; and that the beneficial interest in the trust estate has been acquired on behalf of Oklahoma County, it is the opinion of the Attorney General that the answer to your question No. I must be in the negative in that no part of any property owned by the Authority will be, under the existing law, subject to ad valorem taxation by the State of Oklahoma, County of Oklahoma, Oklahoma City, or any other agency or instrumentality of the State of Oklahoma. Article I, Section 1.2 of the Lease Agreement provides: ". . . the term "Project" does not include (i) fixtures, machinery, equipment, other personal property, facilities and improvements, title to which has been retained by the Company pursuant to Section 3.2, (ii) fixtures, machinery, equipment, other personal properties, facilities and improvements removed by the Company from the Project pursuant to Section 3.3, (iii) land (whether improved or unimproved), buildings, structures, or any parts thereof, removed by the Company from the Project pursuant to Section 3.4, or (iv) raw material, in-process products or finished goods." Accordingly, as to all the enumerated items, the opinion expressed above will not apply and all such items will be subject to taxation in accordance with general law. With respect to your question No. 2, on August 27, 1968, the citizens of Oklahoma adopted an amendment to Article X, Section 6A of the State Constitution. to become effective January 1, 1969, exempting from ad valorem or other taxes. intangible personal property as defined therein. In pertinent part the amendment provides exemption from taxation for: (f) All interests in property held in trust or on deposit within or without this State. and whether or not evidenced by certificates, shares, or other written evidence of beneficial ownership." Leasehold interest such as that here involved and evidenced by a written instrument have variously been defined as "intangible personal property," "chattels real" and "incorporeal in nature." (See Words Phrases, Permanent Ed. Vol. '4A. pp. (284 and 285) In State v. Bare, 60 W. Va. 483, 56 S.E. 390, 393, the Court, in the body of its opinion. treated the question of taxation of a leasehold interest as follows: "A `leasehold' is the right to use property upon which a lease is held for the purpose of the lease. It is intangible property, which the law recognizes as having value, but which is incorporeal in its nature. It is not the property upon which the lease is held nor the property used in its exercise. In determining the taxable value of the leasehold, the pecuniary value of the property used in connection therewith or the use of which constitutes the leasehold estate may not be taken into consideration. The land which constitutes the subject of the leasehold is taxed, not as a leasehold, nor in the name of the lessee, but as land, in the name of the owner, and is not to be taxed over again in the name of the lessee, on the theory that it constitutes part of the leasehold. Nor are the improvements on the land, whether they belong to the landowner or the lessee, to be taxed under the designation of `leasehold.' If they belong to the owner of the land, they are charged to him, either as land or as personal property. Their value is not to be included in, or taken to make up, the value of the intangible thing, the leasehold." Accordingly, since the leasehold interest of an industrial tenant is deemed to be personal intangible property and to fall within the purview of the recently adopted amendment to Article X, Section 6A of the Constitution of this State, it is the opinion of the Attorney General that such leasehold interest is not subject to ad valorem taxation by the State of Oklahoma or by Oklahoma County or any other agency or instrumentality of this State that may now or hereafter be authorized to impose such taxes on real or personal property situated within their jurisdiction. (Carl G. Engling) ** SEE: OPINION NO. 69-156 (1969) **